JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusions pertaining to Issues I through VI.
I dissent from the majority’s decision to reverse the District Court’s award of attorney fees. I would adopt an exception to the so-called “American Rule” by allowing District Courts to assess attorney fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. The basis for an award under such circumstances was set forth by the United States Supreme Court in Chambers v. Nasco, Inc. (1991), 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27, 45. That Court gave the following explanation with which I concur:
In this regard, if a court finds “that fraud has been practiced upon it, or that the very temple of justice has been defiled,” it may assess attorney’s fees against the responsible party, Universal Oil [Products Co. v. Root Refining Co. (1946), 328 U.S. 575,] 580, 90 L.Ed. 1447, 66 S.Ct. 1176, as it may when a party “shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order,” Hutto [v. Finney (1978)], 437 U.S. [678], 689, n. 14, 57 L.Ed.2d 522, 98 S.Ct. 2565. The imposition of sanctions in this instance transcends a court’s equitable power concerning relations between the parties and reaches a court’s inherent power *450 to police itself, thus serving the dual purpose of “vindicating] judicial authority without resort to the more drastic sanctions available for contempt of court and making] the prevailing party whole for expenses caused by his opponent’s obstinacy.”
Chambers, 111 S.Ct. at 2133, 5 L.Ed.2d at 46.
Based on this exception to the “American Rule” regarding assessment of attorney fees, I would affirm the District Court’s award.
JUSTICE HARRISON concurs in the foregoing concurrence and dissent of JUSTICE TRIEWEILER.